**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**PITTSBURGH**

| | | |
|---|---|---|
| MARGARET S DEAL, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-CV-00303-MJH |
| | ) | |
| vs. | ) | |
| | ) | |
| LAWRENCE COUNTY, *et al*., | ) | |
| | ) | |
| | ) | |
| Defendants, | | |

**MEMORANDUM OPINION**

On February 28, 2025, Pro Se Plaintiff, Margaret Deal, filed the present case. (ECF No. 1). On May 26, 2025, Ms. Deal filed a 78-page Amended Complaint against nineteen defendants, alleging various constitutional claims pursuant to 42 U.S.C. § 1983, a discrimination claim under Title II of the Americans with Disabilities Act, and various other state law claims, related to state dependency proceedings regarding her two minor children. (ECF No. 51). On February 18, 2026, Plaintiff filed an 81-page Second Amended Complaint. (ECF No. 92). Various Defendants subsequently filed motions to dismiss the Amended Complaint. On March 4, 2026, Defendants, Mary Burrows and The Bair Foundation, filed the present Motion to Dismiss and accompanying brief. (ECF Nos. 93 & 94). On March 18, 2026, Plaintiff filed an omnibus response to all Defendants' motions to dismiss. (ECF No. 104). For the following reasons, Defendants Mary Burrows and The Bair Foundation's Motion to Dismiss will be granted in full.

## I. Statement of Facts

The Bair Foundation is "a private foster agency contracted by LLCYS, acting under color of state law, to provide foster care services in Plaintiff's case." (*Id.* ¶ 19). Mary Burrows is a Foster

Care Specialist at the Bair Foundation. (*Id.* ¶ 20). Ms. Deal makes various broad and generalized allegations against the Bair Foundation and Mary Burrows within the Second Amended Complaint. *See generally* (ECF No. 92).[1] Specifically, Ms. Deal alleges that, on April 14, 2023, the Bair foundation coordinated with other Defendants to get her children vaccinated without Ms. Deal's permission. (*Id.* ¶ 74). Ms. Deal further alleges that, on March 14, 2024, Judge Acker issued a reunification order for Ms. Deal's children and the Bair Foundation and Ms. Burrows defied the established reunification plan, because they kept Ms. Deal's children from required therapy appointments until January 29, 2025. (*Id.* ¶ 85). Ms. Deal also alleges that, on January 29, 2025, Ms. Burrows coached two of Ms. Deal's children "to write rejection letters to the Plaintiff during therapy." (*Id.* ¶ 98).

## II. Relevant Legal Standards

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the

[1] The Court must read a pro se litigant's pleading liberally, but the litigant is not excused from complying with the rules of procedural and substantive law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Furthermore, "in evaluating a motion to dismiss, courts are not limited to the complaint, but may also consider evidence integral to or explicitly relied upon therein." *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018) (internal quotations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of

public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted).

## III. Discussion

Ms. Deal brings constitutional and state law claims against Defendant Bair Foundation and Mary Burrows. Ms. Deal includes Defendant Bair Foundation in Counts I-II, IV, VI, VIII, X, XII, XIII, and XV of the Second Amended Complaint. (ECF No. 92). Ms. Deal lists Ms. Burrows as a Defendant at Counts I-II, VI, VIII, XII, XIII, XIV, and XV of the Second Amended Complaint. (*Id.*). These Defendants argue that Ms. Deal's claims against them fail for various reasons, including that Ms. Deal does not plead sufficient facts to allege any of her claims against them and that they are entitled to immunity for each of her claims.[2] (ECF No. 94, at 10-13). Ms. Deal does not address these defense arguments within her responsive brief.

Ms. Deal makes various broad allegations against Defendants. However, Ms. Deal makes three specific allegations that describe conduct involving these Defendants. First, Ms. Deal alleges that, on April 14, 2023, the Bair Foundation helped coordinate vaccinations of Ms. Deal's children against her wishes. Second, that Judge Acker issued an order for reunification on March 14, 2024 and Defendants did not bring Ms. Deal's children to therapeutic visits, pursuant to Judge Acker's court order, until January 29, 2025, citing "various reasons" as justification. Third, that on January 29, 2025, Ms. Burrow's coached Ms. Deal's children to write rejection letters to Ms. Deal during therapy.

The Court will first address Defendants' strongest argument, immunity.

[2] The Court notes that Defendants also make an argument that this Court lacks jurisdiction over the claims brought by Ms. Deal because of the *Rooker-Feldman* doctrine. Given the nature of the claims brought by Ms. Deal, the Court finds that the *Rooker-Feldman* doctrine does not apply.

**A. Immunity**

Defendants argue that they are entitled to three distinct immunities: (1) absolute immunity for actions taken pursuant to a court order, (2) quasi-prosecutorial immunity, and (3) derivative immunity. Each of which, if applicable, would preclude some or all of Ms. Deal's claims against these Defendants.

As to absolute immunity for actions taken pursuant to a court order, the Third Circuit has held that, "it is well-settled that 'action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages.'" *McGeachy v. Doe*, 444 Fed. Appx. 510, 512 (3d Cir. 2011) (citing *Hamilton v. Leavy*, 322 F.3d 776, 782-83 (3d Cir. 2003)). Here, Defendants are entitled to such immunity from any claims brought against them relative to allegations that, on April 14, 2023, her children were vaccinated without her permission. Ms. Deal pleaded that the children's vaccination was conducted pursuant to a court order. (ECF No. 91, at ¶ 74). Based upon the facts as pled, insofar as Ms. Deal alleges these Defendants acted pursuant to the court order, the Bair Foundation and Ms. Burrows are immune from Ms. Deal's claims regarding the vaccinations.

As to quasi-prosecutorial immunity, state actors, who work as child and youth services workers, are "entitled to absolute immunity for their actions on behalf of the state in preparing for, initiating, and prosecuting dependency proceedings. Their immunity is broad enough to include the formulation and presentation of recommendations to the court in the course of such proceedings." *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 495 (3d Cir. 1997). Ms. Deal alleges that Defendants were "acting under color of state law," because they are state contractors. (ECF No. 92, at ¶¶ 19-20). Ms. Deal's allegations that the Bair Foundation and Ms. Burrows delayed her children's attendance at therapeutic sessions and that Ms. Burrows coached

her children to write rejection letters describe conduct and decisions that were made by Defendants while they were acting in their capacity as contracted state actors in preparing, initiating, and prosecuting dependency hearings. Additionally, other than appending these Defendant's names to the broad statement that they delayed therapeutic visits, the allegations regarding the scheduling of the therapeutic sessions are entirely focused towards a co-defendant, Elaine Peak, and not the Bair Foundation or Ms. Burrows. (ECF No. 92, at ¶ 85(a)). As such, these Defendants are entitled to quasi-prosecutorial immunity regarding these allegations.

As to derivative immunity, private government contractors are entitled to derivative sovereign immunity if (1) the government authorized the contractors' actions and (2) the government validly conferred that authorization. *Bodor v. Maximus Fed. Servs., Inc,* 2021 WL 4941503, at * 7. The Supreme Court of the United States has held that a government contractor cannot claim derivative immunity when it has "exceeded [its] authority," its authority "was not validly conferred" or it "violates the government's explicit instructions." *Campbell-Ewald Co. v. Gomez,* 577 U.S. 153, (2016). Ms. Deal alleges that the Bair Foundation and Ms. Burrows are contracted by LCCYS. (ECF No. 92, at ¶¶ 19-20). Ms. Deal's allegations, that Defendants delayed her children's attendance at therapeutic sessions and coached rejection letters, fail to show that they acted outside of the scope of the authority they were permitted as state contractors in facilitating the children's actions during the dependency process. Accordingly, these Defendants are entitled to derivative immunity for these allegations and claims brought against them.

Defendants' Motion to Dismiss will be granted. All of Ms. Deal's claims against Defendants will be dismissed, because these Defendants are immune from Ms. Deal's claims brought against them. As amendment would be futile, Ms. Deal will not be granted leave to amend her claims.

**B. Sufficiency of Pleadings**

Even if Defendants were not entitled to immunity for the claims that Ms. Deal brings against them, her allegations against these Defendants are not sufficient to establish any of the claims she alleges.

The standard to survive a 12(b)(6) motion requires that a plaintiff plead facts that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678. Bare and conclusory statements do not suffice. *Id.* Further, when bringing constitutional claims pursuant to 42 U.S.C. § 1983, a plaintiff must allege facts to show how each defendant was personally involved in the events and occurrences giving rise to each individual claim. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

The constitutional and state law claims that Ms. Deal alleges each have their own elements and pleading requirements that Ms. Deal must establish with the facts she alleges. Ms. Deal's allegations regarding the vaccination of children, delayed therapeutic visits, and coaching of rejection letters are not sufficiently specific or individually particularized enough to show each Defendant's individual involvement in her alleged claims, nor are they sufficient to establish the elements of each claim.

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss will be granted in full. A separate order to follow.

DATED: August 31, 2026

BY THE COURT:

Marilyn J. Horan