**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**PITTSBURGH**

| | | |
|---|---|---|
| MARGARET S DEAL,<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE COUNTY, *et al.*,<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:25-CV-00303-MJH |

**MEMORANDUM OPINION**

On February 28, 2025, Pro Se Plaintiff, Margaret Deal, filed the present case. (ECF No. 1). On May 26, 2025, Ms. Deal filed a 78 page Amended Complaint against nineteen defendants, alleging various constitutional claims pursuant to 42 U.S.C. § 1983, a discrimination claim under Title II of the Americans with Disabilities Act, and various other state law claims, related to state dependency proceedings regarding her two minor children. (ECF No. 51). On February 18, 2026, Plaintiff filed an 81-page Second Amended Complaint. (ECF No. 92). Various Defendants subsequently filed motions to dismiss the Amended Complaint. On March 4, 2026, Defendants Cray Youth and Family Services and Tanya Montgomery, filed the present Motion to Dismiss and accompanying brief. (ECF Nos. 101 &102). On March 18, 2026, Plaintiff filed an omnibus response to all Defendants' motions to dismiss. (ECF No. 104). For the following reasons, Defendants Cray Youth and Family Services and Tanya Montgomery's Motion to Dismiss will be granted in full.

## I. Statement of Facts

Ms. Deal is the mother of three children, K.G., M.G., and A.G. (ECF No. 92, at ¶ 6). On July 22, 2021, Ms. Deal's children were removed from her custody because of allegations made to the Lawrence County Children and Youth Services. Within her Second Amended Complaint, Ms. Deal makes broad allegations against Cray Youth and Family Services ("CYFS") and Tanya Montgomery, the Assistant Supervisor for Cray Youth and Family Services. *See generally* (ECF No. 92).[1] Ms. Deal alleges that CYFS and Ms. Montgomery were involved in the dependency proceedings that occurred after her children were removed from her custody, and that said Defendants' conduct violated her constitutional rights and various state laws. Ms. Deal alleges that CYFS and Ms. Montgomery acted "under the color of state law" when providing case management services in dependency proceedings for Lawrence County. (*Id.* ¶¶ 15-16). Ms. Deal alleges that on August 26, 2021, CYFS and Ms. Montgomery, "acting for LCCYS, enforced a policy that banned case discussion during supervised visits at Cray's facility." (*Id.* ¶ 62). Ms. Deal further alleges that on March 9, 2022, Ms. Deal's husband was arrested outside of the CYFS visiting center at the direction of Ms. Montgomery (*Id.* ¶ 71). Ms. Deal alleges that, in July 2024, Ms. Montgomery lost visitation summaries regarding her children due to a "computer error" and that Assistant Supervisor Montgomery attended dependency hearings after Ms. Montgomery's involvement with the cases had concluded. (*Id.* ¶ 90).

## II. Relevant Legal Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint,

[1] The Court must read a pro se litigant's pleading liberally, but the litigant is not excused from complying with the rules of procedural and substantive law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs., Ltd.*, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

Furthermore, "in evaluating a motion to dismiss, courts are not limited to the complaint, but may also consider evidence integral to or explicitly relied upon therein." *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018) (internal quotations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citation omitted).

## III. Discussion

Ms. Deal brings claims against CYFS and/or Ms. Montgomery at Counts I, II, III, IV, V, VI, VIII, X, XII, XIII, and XV of the Second Amended Complaint, alleging § 1983, and § 1985 constitutional claims as well as state tort claims. (ECF No. 92). Defendants argue that Ms. Deal has not pled sufficient facts to establish any of her claims brought against Defendants. Defendants' response adopts any of the co-Defendants' arguments in support of their Motion to Dismiss. Ms. Deal does not provide any response to Defendants' assertion that all of Ms. Deal's claims are not sufficiently pled.

### A. § 1983 Constitutional Claims

#### i. Statute of Limitations[2]

Ms. Deal's constitutional claims against Defendants pursuant to § 1983 at Counts I-IV, VI, and VII-VIII, are all subject to a two-year statute of limitations period. "Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or

[2] Defendants do not make a statute of limitations argument in this case. However, since they indicated that they are adopting any arguments of their co-defendants, the Court will address this defense.

should have known of the injury upon which its action is based." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir.2009). The limitations period for a § 1983 action is the limitations period for personal injury torts in the state where the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387, (2007). Pennsylvania has a two-year statute of limitations. *See Kach*, 589 F.3d at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). A claim accrues for statute of limitations purposes "when a plaintiff has a complete and present cause of action, that is, when [she] can file suit and obtain relief." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Accordingly, a statute of limitations will start running at the time the plaintiff "knew or should have known of the injury upon which [her] action is based." *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998). The accrual period for her § 1983 claims, that are based upon the removal of her children, began the date when her children were removed. *Daniels v. Harper*, 2024 WL 580874, at * 4 (E.D. Pa. Feb. 13, 2024) (citing *Bennett v. Susquehanna Cty. Children & Youth Servs.*, 592 F. App'x 81, 83 (3d Cir. 2014) ("Bennett's cause of action for all claims accrued at the time of the alleged unlawful seizure and withholding of her two minor children on November 18, 2009.")).

Ms. Deal filed her initial Complaint on February 28, 2025. Thus, for her § 1983 claims, the two-year statute of limitation period will preclude any claims for conduct before February 28, 2023. One of the few factual allegations made against CYFS and Ms. Montgomery was that "on August 26, 2021, Defendants Cray and Tanya Montgomery, acting for LCCYS, enforced a policy that banned case discussion during supervised visits at Cray's facility." (ECF No. 92, at ¶ 62). Since this alleged event occurred before February 28, 2023, it is barred by the statute of limitations. Thus, Defendants Motion to Dismiss will be granted as to any pre-February 28, 2023

§ 1983 claims. Said claims will be dismissed. As amendment would be futile, Ms. Deal will not be given leave to amend these claims.

**B. Sufficiency of Pleadings**

Defendants argue that Ms. Deal fails to allege sufficient facts to establish any of the constitutional or state claims brought against them. Ms. Deal does not respond to these Defendants' challenges to the sufficiency of her alleged constitutional claims against them.

To bring a § 1983 claim, a plaintiff must allege facts that show how each defendant was personally involved in the events and occurrences giving rise to each individual claim. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The standard to survive a 12(b)(6) motion requires that a plaintiff plead facts that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal,* 556 U.S. at 678. Bare and conclusory statements do not suffice. *Id.*

Since the Court has determined that any pre-February 28, 2023 allegations are barred by the statute of limitations, the Court will only look at post-February 28, 2023 allegations. The only post-February 28, 2023 allegations against any of these Defendants are that, in July 2024, Ms. Montgomery lost visitation summaries regarding her children due to a "computer error" and that Ms. Montgomery attended dependency hearings after Ms. Montgomery's involvement with the cases had concluded. (*Id.* ¶ 90). Such allegations are not sufficiently specific or individually particularized enough to establish any of the elements of Ms. Deal's alleged constitutional or state claims brought against Defendants. As such, Defendants' Motion to Dismiss, as to all post-February 28, 2023 constitutional and state law claims, will be granted. Said claims will be dismissed.

**C. Immunity**

Defendants argue that they are entitled to derivative immunity from Ms. Deal's claims, because they are government contractors. Ms. Deal does not respond to this argument.

Private government contractors are entitled to derivative sovereign immunity if (1) the government authorized the contractors' actions, and (2) the government validly conferred that authorization. *Bodor v. Maximus Fed. Servs., Inc,* 2021 WL 4941503, at * 7. The Supreme Court of the United States has held that a government contractor cannot claim derivative immunity when it has "exceeded [its] authority," or its authority "was not validly conferred," or it "violat[ed] the government's explicit instructions." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, (2016). Ms. Deal alleges that CYFS is contracted by LCCYS to provide case management services in dependency hearings and Ms. Montgomery is one of its employees (ECF No. 92, at ¶¶ 15-16). Ms. Deal's post-February 28, 2023 allegations fail to show that Defendants acted outside of the scope of the authority they were permitted as state contractors. Accordingly, these Defendants are entitled to derivative immunity for the claims brought against them as pled.

Additionally, Defendants are entitled to quasi-prosecutorial immunity for the post-February 28, 2023 allegations brought against them.[3] State actors, who work as child and youth services workers, are "entitled to absolute immunity for their actions on behalf of the state in preparing for, initiating, and prosecuting dependency proceedings. Their immunity is broad enough to include the formulation and presentation of recommendations to the court in the course of such proceedings." *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 495 (3d Cir. 1997).

[3] Defendants in this case do not assert this immunity defense but they indicated that they adopt an of the arguments presented by their co-defendants. Since such immunity defense is applicable and dispositive here, the Court addresses this defense.

Ms. Deal's post-February 28, 2023 allegations that Ms. Montgomery lost visitation summaries and attended dependency hearings are related to her conduct in preparing, initiating, and prosecuting dependency hearings. As such, Defendants have quasi-prosecutorial immunity for the alleged claims against them.

Defendants' Motion to Dismiss will be granted. All of Ms. Deal's claims against Defendants will be dismissed, because these Defendants are immune from the claims brought against them. As amendment would be futile, Ms. Deal will not be granted leave to amend her claims.

## IV. Conclusion

For the reasons stated above, Defendants' Motion to Dismiss will be granted in full. A separate order to follow.

DATED: August 31, 2026

BY THE COURT:

Marilyn J. Horan